IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00898-MEH

DAVID LAW,

      Plaintiff,

v.

DAVID BUSH, and
DAVID B. BUSH LLC,

      Defendants.

_____

## ORDER ON MOTION TO REMAND

_____

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Remand [filed April 30, 2015; docket #9]. The motion is fully briefed and the Court finds that oral argument will not assist in its adjudication of the motion. For the reasons that follow, the motion is **granted**.

Defendants removed this case from Jefferson County District Court on April 28, 2015 contending that the facts alleged in the Complaint give rise to claims of unfair use and unfair competition under the Lanham Act, 15 U.S.C. § 1051. Plaintiff filed the present motion arguing that the Complaint alleges only a state common law unfair competition claim against the Defendants, and asserts no claim under federal law. Defendants counter that, because the Plaintiff's allegations "arise under" federal law, removal is proper.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013). "Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the

party invoking federal jurisdiction." *Id.* at 985.  As the parties removing this case to federal court, the Defendants bear the burden of establishing jurisdiction by a preponderance of the evidence.  *Id.*

The federal removal statute, 28 U.S.C. § 1441, permits a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* at 984-85.  Federal question jurisdiction exists if the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  The Supreme Court has found that where "the law that creates the cause of action is state law, [then] original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Id.* at 13 (internal quotation marks omitted).

In this case, it is undisputed that the operative Complaint identifies no particular statute or law under which the claims arise.  It is also undisputed that both state and federal law provide causes of action for the injuries Plaintiff alleges.  Accordingly, the questions here are whether Plaintiff's allegations invoke a "substantial, disputed question of federal law [that] is a necessary element" or whether his claims are "really one of federal law."

For the first question, Defendants do not argue that it is "necessary" to resolve any of the elements of Plaintiff's stated claim using federal law; in fact, they concede that Plaintiff's allegations state the elements of an unfair competition claim under both state and federal law.   Response, docket #13 at 5.

Defendants seem to argue, however, that Plaintiff's claim is "really one of federal law."

Defendants contend,

> ... removal requires only that the federal court have original jurisdiction of the claims, not exclusive jurisdiction. Therefore, the only relevant issue is whether Plaintiff has stated a claim for relief under federal law, not whether the same allegations might also support a claim under state law. It does not matter whether federal law might preempt the state counterpart. So long as the Complaint states a cause of action under federal law, then this Court has original, federal jurisdiction.

Response, docket #13 at 6.  Defendants are incorrect.

In addressing this question, the Supreme Court has found that although "the party who brings the suit is master to decide what law he will rely upon, it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead **necessary** federal questions in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22 (emphasis added) (citations omitted). The Court explained the term "necessary" federal question as "purely a creature of federal law" where "the preemptive force of [a federal statute] is so powerful as to displace entirely any state cause of action." *Id.* at 23.  The Court went on to determine that the applicable section of a federal statute, ERISA, did not preempt the plaintiff's state law claims.  *Id.* at 27-28; *see also Dutcher*, 733 F.3d at 985 ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

Defendants do not argue that the Lanham Act preempts Plaintiff's state law claims.  In fact, unlike federal copyright law, "the Lanham Act has not been interpreted as a statute with broad preemptive reach." *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 919 (7th Cir. 2007) (citing *Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32 (1st Cir. 2006) and *Sporty's Farm L.L.C. v. Sportsman's Market, Inc.*, 202 F.3d 489, 500-01 (2d Cir. 2000) (citing a legislative report indicating that the law was not designed to preempt state law remedies)).  Consequently, Defendants have not shown that

Plaintiff omitted "necessary" federal questions in his pleading.

Defendants also contend that "concurrent state and federal jurisdiction does not warrant remand of an action."  Defendants are correct with respect to the concurrent jurisdiction of certain federal laws, such as 42 U.S.C. § 1983 and 42 U.S.C. § 2000e *et seq.*; however, this case involves a state cause of action (unfair competition) and a separate federal cause of action (Lanham Act).

Therefore, the Court agrees with Plaintiff that Defendants have failed to demonstrate this Court's jurisdiction over the Plaintiff's state law claims for relief under 28 U.S.C. § 1331.  However, the Court finds that Plaintiff does not state a sufficient basis nor the proper standard for an award of attorney's fees in his motion and, therefore, will deny Plaintiff's request for an award of attorney's fees.

Accordingly, Plaintiff's Motion for Remand [filed April 30, 2015; docket #9] is **granted in part and denied in part**. The case is remanded to the Jefferson County District Court for further proceedings.

ORDERED this 13th day of May, 2015, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge